JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS: Richard and Christina Jacoby

### DEFENDANTS: The City of Ocean City New Jersey, et. al.

County of Residence of First Listed Defendant: **Cape May County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(b)** County of Residence of First Listed Plaintiff: _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Snyder Law Group, P.C.
121 Ivy Lane, King of Prussia, PA 19406
(610) 265-8050

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [X] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | | **Other:** / [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | / [ ] 550 Civil Rights | | | |
| | [ ] 448 Education / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332; 28 USC § 1391(a)

Brief description of cause:
Personal Injury action based on diversity of citizenship pursuant to 28 USC § 1332

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 2/1/23

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**SNYDER LAW GROUP, P.C.**
**BY:   Robert P. Snyder, Esquire I.D.#016811982**
         **Erik P. Snyder, Esquire I.D.#064112013**         **Attorneys for Plaintiffs**
Attorneys for Plaintiffs
121 Ivy Lane
King of Prussia, PA 19406
Phone: (610) 265-8050 Fax: (610) 265-6638

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE

| | |
|---|---|
| RICHARD JACOBY and<br>CHRISTINA JACOBY, H/W<br>2927 Stoney Creek Road<br>East Norriton, PA 19401<br><br>            Plaintiffs<br><br>v.<br><br>THE CITY OF OCEAN CITY NEW JERSEY<br>861 Asbury Avenue<br>Ocean City, New Jersey 08226<br><br>AND<br><br>OCEAN CITY POLICE DEPARTMENT<br>835 Central Avenue<br>Ocean City, NJ 08226<br><br>            Defendants | NO:   1:23-cv-562 |

## COMPLAINT

AND NOW, come the Plaintiffs, Richard Jacoby and Christina Jacoby, husband and wife, by and through their counsel, SNYDER LAW GROUP, P.C., who respectfully set forth the following Complaint:

## PARTIES

1. Plaintiffs, Richard Jacoby and Christina Jacoby, are married adult American citizens, who at all times relevant hereto, have maintained residence at the above

1

captioned address, and have been citizens of Pennsylvania.

2. Defendant, City of Ocean City New Jersey (hereinafter referred to as "Defendant City") is a municipal corporation who at all times relevant hereto, has maintained residence at the above captioned address, and has been a citizen of New Jersey, according to 28 U.S.C. § 1332 (c)(1).

3. Defendant, Ocean City Police Department (hereinafter referred to as "Defendant Police Department") is a division of a municipal corporation who at all times relevant hereto, has maintained residence at the above captioned address, and has been a citizen of New Jersey, according to 28 U.S.C. § 1332 (c)(1).

4. At all times relevant to this action, Defendants The City of Ocean City New Jersey and Ocean City Police Department, acted by and through their authorized agents, servants, workman, and employees, acting within the course and scope of their employment, and Defendants are vicariously liable for their negligent acts and/or omissions in the course and scope of their employment, authority and/or actual, apparent or ostensible agency.

5. Plaintiffs have provided timely notice of this matter pursuant to the New Jersey Torts Claims Act.

## JURISDICTION AND VENUE

6. The District Court has original jurisdiction of this action by reason of the amount in controversy exceeding the sum of $75,000.00, exclusive of interests and costs, and the action being between citizens of different states pursuant to 28 U.S.C. § 1332.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a), as the Defendants reside in New Jersey, and in turn, this District. Venue is also proper in this District

because a substantial part of the events giving rise to the claims in this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

8. On or about June 5, 2021, at 10:00 AM, Douglas Swillo was an "on duty" member of the Ocean City Police Department and the operator of a bicycle involved in the accident, described more fully below.

9. On or about June 5, 2021, at 10:00 AM, Plaintiff Richard Jacoby was lawfully and carefully riding a bike on the Ocean City, New Jersey boardwalk.

10. The Plaintiff did not engage in any conduct, constituting contributory or comparative negligence.

11. On the aforementioned date and time, Officer Swillo was operating a bicycle, allegedly responding to a non-emergency situation already being tended to by police, several blocks away, where a man on the boardwalk allegedly felt lightheaded.

12. At the date, time and place aforementioned, without need, emergency, or reason, Officer Swillo rode into Plaintiff Richard Jacoby and a crowd of pedestrians while operating his bicycle in an absolutely out-of-control manner, against the flow of traffic, without warning to pedestrians and vehicle traffic, and clearly without necessity to do so, causing great injuries and damages as set forth below.

## COUNT I – NEGLIGENCE
## PLAINTIFF RICHARD JACOBY V. DEFENDANTS

13. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth at the length herein.

3

14. The injuries and damages herein set forth were caused solely by and were the direct and proximate result of the negligence of Defendants in their governmental capacities as they committed an active wrongdoing in the following respects:

    a. Failing to have the bicycle of the officer under proper and adequate control;

    b. Authorizing Officer Swillo to use a bicycle without training or adequate training;

    c. Acting in complete disregard for the safety of others;

    d. Acting outside the scope of his duties

    e. Failure to maintain proper lookout;

    f. Operating a bicycle without due regard for the rights, safety, and position of the Plaintiff while responding to a non-emergency call;

    g. Operating the bicycle at a high, dangerous and unnecessary speed on a crowded boardwalk;

    h. Operating the bicycle in a dangerous and reckless manner, meeting the definition of willful misconduct under N.J.S.A. 59:3-14, subd. A, 59:5-2, subd. B(2);

    i. Failure to apply the brakes in order to avoid Plaintiff;

    j. Continuing to operate the bicycle in a direction toward Plaintiff when the operator of the bicycle saw that Plaintiff was operating a bicycle in the vicinity in which Defendant was approaching, and the continuance of said operation would result in a collision;

    k. In failing to give warning of the approach to the Plaintiff;

    l. In failing to observe the care and caution required under the circumstances;

    m. In failing to maintain a reasonable lookout for pedestrians and cyclists on the boardwalk;

    n. In failing to avoid hitting the bicycle on which Plaintiff was a passenger when Defendant saw or should have seen Plaintiff;

    o. In failing to maneuver around the bicycle on which the Plaintiff was riding instead of crashing into it;

15. As a result of the aforementioned accident, Plaintiff has suffered various injuries, including, but not limited to, the following: a full tear of the supraspinatus, a full thickness bicep tear, bruising on both arms, the left shoulder, and the left foot (which was run over with Defendant's tire), all of which constitute severe injuries with impairment of bodily function.

16. All of the aforementioned injuries, strains, sprains, and/or bruises about Plaintiff's ribs, shoulders, neck, back and limbs have caused Plaintiff great pain, agony, and mental anguish in the past and will—in all likelihood—continue to do so for an indefinite period into the future.

17. As a further result of the injuries sustained in the above accident, Plaintiff has been, and will continue in the future to be, hindered and prevented from attending to and going about his normal and usual daily duties, labors, and occupations, thereby resulting in a loss, depreciation, and diminution of his ability to enjoy life and its pleasures.

18. Plaintiff has incurred, and/or will continue to incur, items of economic loss in the form of health care expenses for which he is legally responsible, from attempting and endeavoring to treat and cure himself of the injuries sustained as a result of the negligence, carelessness, and/or recklessness of the Defendant, much to his great financial damages and loss.

19. As a further result of the aforementioned bicycle accident, Plaintiff has incurred additional economic loss in the form of unreimbursed property damages and/or related expenses.

20. As an additional result of the aforementioned bicycle accident, Plaintiff has sustained impairment of earning capacity and/or also loss of earnings.

21. At no time was Plaintiff negligent, nor did Plaintiff engage in any conduct which could be considered the factual, legal, or proximate cause of his injuries.

## COUNT II - LOSS OF CONSORTIUM
## PLAINTIFF CHRISTINA JACOBY V. DEFENDANTS

22. Plaintiffs hereby incorporate by reference the preceding paragraphs through as fully set forth at length herein.

23. Plaintiff Richard Jacoby and Plaintiff Christina Jacoby were husband and wife at time of the above-described accident, and as a result of the injuries sustained in the accident, husband-Plaintiff was rendered sick, sore, lame, disabled, and not able to perform his marital duties, thereby depriving wife-Plaintiff of society, companionship, services, and consortium, much to her great financial damage and loss, which loss is ongoing.

24. Wife-Plaintiff has incurred, and/or will continue to incur, items of economic loss in the form of health care expenses for which she is legally responsible, in attempting and endeavoring to treat and cure her husband of the injuries sustained as the result of the negligence and/or carelessness of the Defendant, such items being in amounts exceeding those otherwise recoverable, much to her great financial damages and loss.

25. As a direct and proximate result of Defendant's negligence and/or carelessness, Plaintiff Christina Jacoby has suffered a disruption of her daily habits and pursuits and a loss of enjoyment of life.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands upon Defendant:

a. Actual, compensatory, and statutory damages;

b. Punitive damages as allowed by law;

c. Pre and post-judgment interest as allowed by law;

d. An award of attorney's fees as allowed by law;

e. An award of taxable costs; and

f. Any and all such further relief as this Court deems just and proper.

Respectfully Submitted By:

**SNYDER LAW GROUP, P.C.**

BY: _____

**ROBERT P. SNYDER, ESQ.**

    Attorney ID No.: 016811982
    Snyder Law Group, P.C.
    121 Ivy Lane
    King of Prussia, PA
    19406 Phone: (610)
    265-8050
    Fax: (610) 265-6638
    E-Mail: bob@snyderinjurylaw.com

BY: _____

**ERIK P. SNYDER, ESQ.**

    Attorney ID No.: 064112013
    Snyder Law Group, P.C.
    121 Ivy Lane
    King of Prussia, PA
    19406 Phone: (610)
    265-8050
    Fax: (610) 265-6638
    E-Mail: erik@snyderinjurylaw.com

## VERIFICATION

I verify that the statements made in the foregoing are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C. S. Section 4904 relating to unsworn falsification to authorities.

Date: 2/1/2023

Printed Name: Richard Jacoby